# EXHIBIT A

**Cohen & Howard, LLP**
Aaron A. Mitchell, Esq. (I.D. #039782008)
766 Shrewsbury Avenue, Suite 200
Tinton Fall, New Jersey 07724
Attorneys for Plaintiffs
732-747-5202
732-747-5259 (Fax)

| | |
|---|---|
| CARY GLASTEIN, M.D. | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: MONMOUTH COUNTY |
| vs. | DOCKET NO.: |
| Aetna, Inc. AETNA INSURANCE COMPANY, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10, | CIVIL ACTION |
| | **COMPLAINT JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |
| Defendants. | |

Plaintiff, Cary Glastein, M.D. by way and through its attorneys Cohen & Howard, LLP and as and for its Complaint against Defendants, Aetna Insurance Company, John and Jane Doe 1-10 and ABC Corporations 1-10, says:

## THE PARTIES

1. Plaintiff, Cary Glastein, M.D. (hereinafter referred to as "Dr. Glastein" and "Plaintiff") with a business address of 37 Gilbert Street South in the Borough of Tinton Falls, County of Monmouth, and State of New Jersey, is now and was at all times relevant to this action, a Board Certified and Fellowship Trained Orthopedic Surgeon, who is licensed to practice under the Law of the State of New Jersey, providing healthcare services.

2. Upon information and belief, at all relevant times, Defendant Aetna Insurance Company (hereinafter referred to as "Aetna" and "Defendant") was a corporation whose

headquarters are located at 151 Farmington Avenue, Hartford, Connecticut, which conducted and continues to conduct significant business in the State of New Jersey.

3. At all times relevant, upon information and belief, fictitious Defendants, John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to plaintiff.

## JURISDICTION AND VENUE

4. Plaintiff's office is located in Monmouth County, New Jersey and all medical services, which are the subject matter of this action, were rendered in Monmouth County, New Jersey.

5. Patient "SS" (hereinafter referred to as "Patient"), identified only by his Aetna Identification Number W225532953, received medical benefits through Aetna.

6. At all relevant times, the patient lived in Ocean County, New Jersey.

7. Plaintiff is proceeding on its own individual claims concerning medical services provided to the patient.

8. This matter is properly venued in State Court. None of plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F. 3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

9. The amount in controversy is in excess of $209,000.00.

10. For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

11. This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services to the Patient.

12. At all relevant times, Plaintiff was a non-participating or out-of-network provider that rendered medically necessary surgery to the Patient.

13. Prior to performing the surgery, which is the subject matter of this Complaint, Dr. Glastein's office contacted Aetna for prior authorization for the different and distinct procedures to be performed during the surgery. On September 20, 2016, Dr. Glastein received written authorization from Aetna approving the rendering of surgical services to the patient under authorization number #37089619.

14. On October 27, 2016, after MRIs on the Patient revealed several disk herniations, Dr. Glastein provided **pre-authorized** necessary medical services to the Patient by performing complex corrective procedures including cervical decompression and fusion in an attempt to alleviate the pain and numbness the patient suffering from.

15. Primary Surgery was performed on October 27, 2016 by Dr. Glastein who is Board Certified, Fellowship Trained Orthopedic Surgeon specializing in spine surgery.

16. Plaintiff billed Aetna for the medically necessary surgery a total of $209,000.00.

17. The total billed charges for this medically-necessary surgery represents normal and reasonable charges for the complex procedure performed by a Board Certified, Fellowship Trained Orthopedic Surgeon specializing in spine surgery practicing in New Jersey.

18. Despite its promises, Aetna paid none of the billed charges, leaving the Patient with a balance due on this bill of $209,000.00.

19. While Defendant was aware that Plaintiff was an out-of-network provider, Defendant never disclosed that payments made for the procedures would be denied in full or paid far below the usual and customary rates for these services. To the contrary, Defendant induced Plaintiff to provide the medical services with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay.

### FIRST COUNT
### (Breach of Contract)

20. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein at length.

21. Plaintiff hereby alleges that an implied in-fact contract has been created through Defendant's course of conduct and interaction with Plaintiff.

22. By authorizing the surgery, Defendant agreed to pay the usual and customary rates for the medical services provided by the Plaintiff and Plaintiff performed said services based upon those terms.

23. This implied contract indicated that Plaintiff would be paid by Defendant a fair and reasonable amount for the highly-skilled services provided by the Plaintiff.

24. However, Defendant denied payment to the Plaintiff of the fair and reasonable amount of $209,000.00 for the highly-skilled services provided to the Patient.

25. Plaintiff has suffered significant damages as a result of Defendant's actions.

26. As a direct result of Defendant's breaches of the contract, Plaintiff has been damaged in an amount to be determined at trial, but not less than $209,000.00, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

27. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "26" of this Complaint with the same force and effect as if fully set forth herein at length.

28. By providing a pre-surgery authorization to Plaintiff, Defendant promised that Plaintiff would be paid for its services at the usual, customary and reasonable rate.

29. Plaintiff relied upon this promise to its detriment by spending valuable time, resources and energy in providing medical services to the Patient.

30. Plaintiff has suffered significant damages as a result of Defendant's actions.

31. As a direct result of Defendant's refusal to pay Plaintiff the usual, customary, reasonable and fair value for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $209,000.00, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Account Stated)

32. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein at length.

33. After providing the medical services, which were authorized by Defendant, Plaintiff submitted bills and requests for payment to Defendants in the sum total of $209,000.00.

34. To date, Defendant has acknowledged receipt of the bills, and has not made any payment of the invoices, but have not objected, in any manner to the billed amounts, including, but not limited to, the amount billed or to the services provided.

35. Plaintiff has suffered significant damages as a result of Defendant's action.

36. As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant, who acknowledged receipt without objection, Plaintiff has been damaged in an amount to be determined at trial, but not less than $209,000.00, plus interest, costs, and attorneys' fees.

### FOURTH COUNT
### (Fraudulent Inducement)

37. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "36" of this Complaint with the same force and effect as if fully set forth herein at length.

38. By providing a pre-surgery authorization to Plaintiff, Defendant induced Plaintiff to provide the medical services requested by the Patient.

39. Inherent in the authorization was the promise to pay Plaintiff the reasonable and fair value for the services provided.

40. Relying upon this promise to pay by Defendant, Plaintiff provided the necessary medical services requested by the Patient.

41. Unbeknownst to Plaintiff, Defendant never intended to pay the Plaintiff the usual, customary, reasonable and fair value for the medical services provided, instead inducing Plaintiff to provide the medical services with the intent to not pay Plaintiff any of the usual, customary, reasonable and fair value of the medical services provided, Plaintiff would have elected not to provide the services.

-6-

42. Plaintiff has suffered significant damages as a result of Defendant's actions.

43. As a direct result of Defendant's refusal to pay Plaintiff the usual, customary, reasonable and fair value for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in amount to be determined at trial, but not less than $209,000.00, plus interest, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants:

1. As and for its first cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $209,000.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

2. As and for its second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $209,000.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its third cause of action for an account stated, in an amount to be determined at trial, but not less than $209,000.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

4. As and for its fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $209,000.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

5. Along with such other and further relief to Plaintiff as this Court deems just, fair, and proper.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiff hereby demands a trial by jury as to all counts.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Aaron A. Mitchell, Esquire is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by Plaintiff at this time.

LAW OFFICES OF COHEN & HOWARD, L.L.P<br>
Attorney for Plaintiff<br><br>
BY: _____<br>
Aaron A. Mitchell, Esquire

Dated  March 30, 2018

A True Copy
Attest:
Process Server
Sandra Yade