# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARY GLASTEIN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> AETNA, INC., AETNA LIFE INSURANCE COMPANY, JOHN AND JANE DOES 1-10 and ABC CORPORATIONS, 1-10, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> 3:18-cv-09262-AET-TJB |

### DEFENDANT AETNA LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

> Matthew A. Baker, Esq.
> **CONNELL FOLEY LLP**
> Liberty View Building
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, NJ 08002
> P (856) 317-7100
> F (856) 317-7117
> mbaker@connellfoley.com
>
> *Attorneys for Defendant*
> *Aetna Life Insurance Company*

DATE:  August 8, 2018

4640814-1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................. 2

    A.    The Parties ................................................................................... 2

    B.    Plaintiff's Claims for Benefits ..................................................... 3

LEGAL ARGUMENT ............................................................................................. 4

    A.    The Legal Standard ...................................................................... 4

    B.    Plaintiff's State Law Causes of Action are Expressly Pre-Empted by ERISA ....................................................................... 5

    C.    Plaintiff Should Not Be Granted Leave to Amend to Assert Claims Under ERISA ................................................................. 8

CONCLUSION ........................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**

Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc.,
   998 F.2d 1192 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) ...................... 5

Advanced Orthopedics & Sports Medicine. Institute. v. Empire Blue
   Cross Blue Shield,
   2018 U.S. Dist. LEXIS 96814 (D.N.J. June 7, 2018) ................................... 2, 7, 8

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................ 4

Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield,
   2018 U.S. Dist. LEXIS 90734 (D.N.J. May 31, 2018) ................................. passim

In re Burlington Coat Factory Secs. Litig.,
   114 F.3d 1410 (3d Cir. 1997) ................................................................................ 5

Jordan v. Fox, Rothschild, O'Brien & Frankel,
   20 F.3d 1250 (3d Cir. 1994) .................................................................................. 4

Menkes v. Prudential Ins. Co. of Am.,
   762 F.3d 285 (3d Cir. 2014) .................................................................................. 6

Metz v. United Counties Bancorp.,
   61 F. Supp. 2d 364 (D.N.J. 1999) ......................................................................... 6

N. Jersey Brain & Spine Ctr. v. Aetna, Inc.,
   801 F.3d 369 (3d Cir. 2015) .................................................................................. 9

N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co.,
   2011 U.S. Dist. LEXIS 115757 (D.N.J. Oct. 6, 2011) .......................................... 8

Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan,
   388 F.3d 393 (3d Cir. 2004) .................................................................................. 7

Petruska v. Gannon Univ.,
   462 F.3d 294 (3d Cir. 2006) .................................................................................. 4

Pilot Life Ins. Co. v. Dedeaux,
   481 U.S. 41 (1987) ................................................................................................. 5

Shaw v. Digital Equip. Corp.,
  82 F.3d 1194 (1st Cir. 1996) .................................................................................. 5

Way v. Ohio Cas. Ins. Co.,
  346 F. Supp. 2d 711 (D.N.J. 2004) ....................................................................... 5

**Statutes**

29 U.S.C. § 1144(a) .................................................................................................... 5

29 U.S.C. §1001 ..................................................................................................... 1, 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 4

## INTRODUCTION

Defendant Aetna Life Insurance Company (hereinafter "Aetna") moves to dismiss the Complaint filed by Plaintiff Cary Glastein, M.D. ("Plaintiff") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff brings this four-count Complaint against Aetna seeking to compel reimbursement of certain medical claims based on a purported preauthorization. Ultimately, Plaintiff is seeking reimbursement of his **full** **billed** **charges** (an amount which it unilaterally created and no one agreed to pay) for services rendered to an individual who received benefits under the terms of an employee benefit plan which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. Specifically, Plaintiff brings causes of action for breach of contract, promissory estoppel, account stated, and fraudulent inducement related to a purported preauthorization by Aetna.

By this Motion, Aetna moves to dismiss Plaintiff's Complaint because the claims at issue are expressly pre-empted by Section 514(a) of ERISA. Indeed, two (2) recent decisions by this Court, with an almost identical set of facts alleged in almost identical complaints, found that claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement were pre-empted by ERISA because each of the claims implicated the applicable ERISA-governed plan's terms

and thus "related" to the plan.  See Advanced Orthopedics & Sports Medicine. Institute. v. Empire Blue Cross Blue Shield, 2018 U.S. Dist. LEXIS 96814 (D.N.J. June 7, 2018); Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield, 2018 U.S. Dist. LEXIS 90734 (D.N.J. May 31, 2018).  As such, this Court should find that the claims at issue are expressly pre-empted by ERISA and dismiss the Complaint with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.     The Parties**

Plaintiff is a healthcare provider in the Borough of Tinton Falls, County of Monmouth, State of New Jersey.  (Compl., ¶ 1).  Plaintiff is a board certified and fellowship trained surgeon who is licensed to practice medicine in the State of New Jersey.  (Id.).  Plaintiff is an out-of-network provider that does not have a contract with Aetna.  (Id. at ¶ 12).

Aetna is a corporation authorized to do business in the State of New Jersey.  Aetna, among other things, provides health benefits for its subscribers and acts as a third-party administrator for employee health benefit plans governed by ERISA, 29 U.S.C. §1001 et seq. ("ERISA").  (Certification of John Privet ("Privet Cert."), ¶ 3).

B.     **Plaintiff's Claims for Benefits**

Plaintiff brings this action to recover benefits for services rendered to Patient, S.S., on October 27, 2016. (Compl., ¶ 14). Patient S.S. received benefits under the terms of an ERISA-governed employee benefit plan through his wife's employment with Theranostix Vitalaxis. (Privet Cert., ¶ 4). Plaintiff is an out-of-network provider and contends that Aetna preauthorized the procedures at issue and "was aware that Plaintiff was an out-of-network provider, [and] Defendant never disclosed that payments for the procedures would be denied in full or paid far below the usual and customary rates for the services provided. (Compl., ¶ 19). Plaintiff claims that Aetna denied payment on the claims and a balance of $209,000 remains due and owing. (Id. at 18).[1]

Specifically, the Complaint brings causes of action for breach of contract, promissory estoppel, account stated, and fraudulent inducement. (Compl., First Count - Fourth Count). The Complaint contends that an implied-in-fact contract was created due to Aetna's authorization and that, by providing this authorization, Aetna "promised that Plaintiff would be paid for its services at the usual, customary, and reasonable rate," and induced the Plaintiff to render the services at issue. (Compl., ¶¶ 21, 22, 28, 38).

---

[1] Aetna's own internal investigation reveals that certain amounts were "allowed" for the claims at issue but were all attributed to the applicable patient cost sharing responsibility under the plan through which Patient S.S. received benefits.

3

## **LEGAL ARGUMENT**

A.    **The Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge a pleading by motion, prior to filing a responsive pleading, for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests "the legal sufficiency of [a] plaintiffs' claim." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). "[F]or purposes of resolving a Rule 12(b)(6) motion, the question is whether the plaintiff would be able to prevail even if she were able to prove all of her allegations." Ibid. In determining whether a complaint states a claim upon which relief can be granted, a court need not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ibid.

In analyzing a motion to dismiss under Rule 12(b)(6), the Court accepts as true the allegations of the plaintiff's complaint and all reasonable inferences that can be drawn therefrom. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). In performing such an analysis "a 'document integral to or explicitly relied upon in the complaint' may be considered" by the Court "without converting the motion [to dismiss] into one for summary judgment." In

4

re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996) (emphasis added)); see also Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on the document").

### B. Plaintiff's State Law Causes of Action are Expressly Pre-Empted by ERISA

Plaintiff's Complaint only brings statue law causes of action. (See Compl., First Count - Fourth Count). However, the plan under which Patient S.S. receives health benefits is an ERISA-governed plan. (Privet Cert., ¶ 4). Congress has expressly pre-empted all state law claims that, like the claims at issue in this litigation, "relate to" an ERISA plan. See 29 U.S.C. § 1144(a) (establishing that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [this title]"); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987) ("[T]he express pre-emption provisions of ERISA are deliberately expansive").

District courts in New Jersey have routinely dismissed state law claims on ERISA preemption grounds. See Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 718 (D.N.J. 2004) (granting defendant's motion for judgment on the pleadings

5

because plaintiff's state law claims for breach of contract, fraud and/or misrepresentation "related to" the plan and were thus pre-empted); see also Metz v. United Counties Bancorp., 61 F. Supp. 2d 364, 381 (D.N.J. 1999) (stating § 514(a) of ERISA preempts state law claims that an insurer misrepresented the amount or availability of benefits under an employee benefit plan). Additionally, the Third Circuit has held that claims "'concerning the accuracy of statements . . . to plan participants in the course of administering the plans — sits within the heartland of ERISA,' and ERISA expressly preempts these claims." Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 295 (3d Cir. 2014) (citation omitted).

Indeed, this Court recently found, in two (2) nearly identical matters, that ERISA expressly pre-empts the exact causes of action brought in this matter. In the first, Atlantic Shore Surgical Associates. v. Horizon Blue Cross Blue Shield, this Court found that ERISA expressly pre-empted claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement. 2018 U.S. Dist. LEXIS 90734. The Court stated that "Section 514(a), the express preemption provision of ERISA, provides that ERISA preempts 'any and all State laws insofar as they … relate to any employee benefit plan' covered under the statute." Id. at *9. (emphasis in original). In Atlantic Shore Surgical Associates, the plaintiff argued that by preauthorizing surgery, the insurance carrier created an implied-in-

6

fact contract and made a promise to pay "at the usual, customary and reasonable rate." Id. at *11.

In finding these claims preempted by ERISA, the Court noted that, "by disputing reimbursement for a procedure performed on a patient insured by an ERISA plan, Plaintiff asserts claims that are squarely within ERISA's ambit." Atl. Shore Surgical Assocs., 2018 U.S. Dist. LEXIS, at *12. The Court rejected the argument that the preauthorization created any independent contract or promise and that "a run-of-the mill pre-authorization agreement without clear contractual terms cannot replace the terms of an ERISA plan when a plaintiff makes a quintessential ERISA-type claim that essentially challenges the reimbursement of benefits." Id. at *18.[2]

Likewise, in Advanced Orthopedics & Sports Medicine Institute v. Empire Blue Cross Blue Shield, this Court again found that § 514(a) of ERISA expressly preempted the same exact state law causes of action at issue in this litigation. 2018 U.S. Dist. LEXIS 96814. Again the Court rejected the argument that these claims related to an "independent" preauthorization as opposed to an ERISA plan. Id. at *12. Specifically, the Court found that "by disputing reimbursement for a medical procedure performed on a patient insured by an ERISA plan, Plaintiff asserts

---

[2] In the Complaint, Plaintiff attempts to rely on Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004), for the proposition that the claims at issue do not arise under ERISA. This argument was explicitly rejected by this Court in both Atlantic Shore Surgical Associates and Advanced Orthopedics & Sports Medicine Institute. To the extent that Plaintiff attempts to raise this argument in Opposition, Aetna reserves its rebuttal argument for any reply brief filed.

quintessential ERISA claims.  Ibid.  The Court held that "in doing so, Plaintiff's claims 'seek reimbursement of billed medical charges and relate to challenges to the administration of benefits rather than the quality of medical treatment performed.'"  Id. at *12-13 (citing N. Jersey Brain & Spine Ctr. v. Connecticut Gen. Life Ins. Co., 2011 U.S. Dist. LEXIS 115757 (D.N.J. Oct. 6, 2011)).

In this matter, the allegations of the Complaint are nearly identical to the allegations of the complaints in both Atlantic Shore Surgical Associates and Advanced Orthopedics & Sports Medicine Institute, all of which were filed by the same law firm.  The Complaint contends that an implied-in-fact contract was created due to Aetna's authorization and that, by providing this authorization, Aetna "promised that Plaintiff would be paid for its services at the usual, customary, and reasonable rate," and induced the Plaintiff to render the services at issue.  (Compl., ¶¶ 21, 22, 28, 38).  These claims, which are quintessential ERISA claims, clearly "relate" to the plan, as the Court found in both Atlantic Shore Surgical Associates and Advanced Orthopedics & Sports Medicine Institute.  As such, the Court should find that the claims are expressly pre-empted by § 514(a) of ERISA and dismiss the Complaint with prejudice.

C.  **Plaintiff Should Not Be Granted Leave to Amend to Assert Claims Under ERISA**

The Complaint emphatically states that Plaintiff is proceeding on its own individual claims and not bringing claims under ERISA.  (Compl., ¶¶ 7, 8).  To

8

bring a claim under ERISA, an out-of-network provider like the Plaintiff must obtain a valid assignment of benefits form from the plan participant.  See N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015) ("standing to sue under ERISA is not limited to beneficiaries and participants, but extends to a derivate provider, an assignee of a plan participant, who may stand in the shoes of a party seeking to enforce its rights").  In Atlantic Shore Surgical Associates, this Court stated "since it appears to have intentionally elected not to assert an assignment of benefits, Plaintiff will also not be given leave to file an amended complaint." 2018 U.S. Dist. LEXIS, at * 20.  As such, since Plaintiff in this matter intentionally elected not to assert as assignment of benefits, any request for leave to file an amended complaint should be denied and the Court should dismiss the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company respectfully requests that this Court dismiss the Complaint with prejudice.

**CONNELL FOLEY LLP**
*Attorneys for Defendant*
*Aetna Life Insurance Company*

BY: /s/ Matthew A. Baker
      Matthew A. Baker, Esquire

DATE:  August 8, 2018

9

4640814-1