

Connell Foley LLP
Liberty View Building
457 Haddonfield Road
Suite 230
Cherry Hill, NJ 08002
P 856.317.7100   F 856.317.7117

**Matthew A. Baker**
Associate

September 10, 2018

**VIA ECF**
Honorable Anne E. Thompson
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

  Re: <u>Cary Glastein, M.D. v. Aetna, Inc., et al.
    Civil Action No.: 3:18-cv-09262-AET-TJB</u>

Dear Judge Thompson:

  This firm represents Defendant Aetna Life Insurance Company ("Aetna") in the above-referenced matter.[1]  Please accept this letter brief, in lieu of a more formal submission, in reply to Plaintiff's Opposition to Aetna's Motion to Dismiss.

### I. INTRODUCTION

  Plaintiff's Opposition to Aetna's Motion to Dismiss only affirms that Aetna's motion is well-grounded in law and fact.  The only cases from this District cited by the Plaintiff all analyze § 502(a) of ERISA and whether cases were properly removed to this District Court on the basis of subject matter jurisdiction.  However, Aetna's Motion to Dismiss does not analyze preemption under section 502(a) of ERISA but instead illustrates why the claims at issue are expressly preempted by section 514(a) of ERISA.  Most importantly, Plaintiff conveniently ignores a recent decision, decided after Aetna filed its Motion to Dismiss, which found the exact claims at issue in this litigation, brought by the same law firm on behalf of the same party, to be expressly preempted under §514(a) of ERISA.

---

[1] The Complaint names Aetna, Inc. and Aetna Insurance Company as defendants.  However, these entities do not pay medical claims and therefore are improper parties.  However, the Aetna entity named as a defendant is irrelevant as the claims at issue are completely preempted by §514(a) of ERISA.

In <u>Cary Glastein v. Horizon Blue Cross Blue Shield of America</u>, Judge Sheridan found that §514(a) of ERISA preempted the exact causes of issue being alleged in this matter. 2018 U.S. Dist. LEXIS 135911 (D.N.J. Aug. 13, 2018). In making this ruling, this Court found that the allegations pertaining to a preauthorization "'relate to' an employee benefit plan, and as such, each cause of action is expressly preempted by ERISA." <u>Id.</u> at * 7. The Court noted that "courts routinely find that state common law claims, such as those raised here, fall within the scope of ERISA preemption. <u>Id.</u> at * 8. Based on the holding in <u>Glastein</u>, as well as the cases Aetna cited in its merits brief, the Court should dismiss the Complaint with prejudice.

II.   **LEGAL ARGUMENT**

  A.   **The Recent Decisions of this Court Illustrate that the Claims at Issue are Expressly Preempted by ERISA**

This Court has routinely and recently found the exact causes of action in this matter to be preempted by §514(a) of ERISA. In <u>Glastein</u>, the Court was emphatic that the claims were preempted stating "obviously, the other allegations in the Complaint 'relate to' an employee benefit plan, and as such, each cause of action is expressly preempted by ERISA." 2018 U.S. Dist. LEXIS 135911 at * 7. The Court further held that it "cannot analyze Plaintiff's claims without referencing the Plan." <u>Id.</u> at * 9 (quoting <u>Atl. Surgical Assocs. v. Horizon Blue Cross Blue Shield</u>, 2018 U.S. Dist. LEXIS 90734, * 12 (D.N.J. May 31, 2018)). The Court dismissed the complaint with prejudice, stating that "the allegations are suspect, and any amendment to the Complaint would be futile." <u>Id.</u> at * 8.

Likewise, in <u>Atlantic Shore Surgical Associates. v. Horizon Blue Cross Blue Shield</u> the Court found that "by disputing reimbursement for a procedure performed on a patient insured by an ERISA plan, Plaintiff asserts claims that are squarely within ERISA's ambit." 2018 U.S. Dist. LEXIS 90734 at * 12. Likewise, in <u>Advanced Orthopedics & Sports Medicine Institute v. Empire Blue Cross Blue Shield</u>, this Court again found that § 514(a) of ERISA expressly preempted the same exact state law

causes of action at issue in this litigation.  2018 U.S. Dist. LEXIS 96814, * 12 (D.N.J. June 7, 2018). Both of these cases explicitly rejected the arguments raised by Plaintiff that the claims are not preempted because a purported authorization creates some type of obligation separate and apart from an ERISA plan.  This Court should adopt the reasoning and holding of these cases and find that the claims at issue are expressly preempted by §514(a) of ERISA and dismiss the Complaint with prejudice.

      B.     **The Cases Relied Upon By Plaintiff all Deal with Complete Preemption under §502(a) of ERISA and are Easily Distinguishable From the Instant Matter**

Plaintiff acknowledges that express preemption under §514(a) of ERISA is "deliberately expansive."  Despite this acknowledgement, Plaintiff cites a number of cases dealing with federal subject matter jurisdiction under §502(a) in an effort to avoid dismissal of the Complaint.  Plaintiff first cites case law for the proposition that state claims such as "unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not preempted by ERISA.  See <u>Mackey v. Lanier Collection Agency & Serv., Inc.</u>, 486 U.S. 825, 833 (1988).  However, none of these types of claims are at issue in this matter and therefore, this citation provides no support for Plaintiff's effort to avoid dismissal.  Likewise, the Plaintiff cites Second Circuit case law that a "state statute of general application" that does not "affect the structure ... of benefits provided by an ERISA plan ..." is not preempted by ERISA.  See <u>Rebaldo v. Cuomo</u>, 749 F.2d 133, 139 (2d Cir. 1984), <u>cert. denied</u>, 472 U.S. 1008 (1985).  Again, in this instance there is no "state statute of general application" implicated -- Plaintiff is alleging state law causes based on factual circumstances which this Court has routinely found preempted by §514(a) of ERISA.

Honorable Anne E. Thompson
September 10, 2018
Page 4

None of the cases cited by Plaintiff from this District analyzed whether state law claims related to a preauthorization were preempted by §514(a) of ERISA.[2] In fact, none of the cases cited by Plaintiff analyzed complete preemption under §514(a) of ERISA at all. For instance, in East Coast Advanced Plastic Surgery v. Amerihealth, the Court granted a motion to remand. 2018 U.S. Dist. LEXIS 38900 (D.N.J. Mar. 9, 2018). The case was removed under §502(a) of ERISA, which the Court found inappropriate as the Plaintiff was not a beneficiary or participant under ERISA and therefore lacked standing to bring the claims, which meant the Court lacked subject matter jurisdiction over the case. Id. at * 8. While Defendant argued that the claims were preempted by §514(a) of ERISA, the Court found that did not establish federal subject matter jurisdiction over the case and therefore, remanded the case to state court, without ruling on the issue of express preemption. Id. In Goldberg, MD v. Schindler Elevator Corporation, the Court again found that removal was improper under §502(a) of ERISA as the plaintiff was neither a participant nor a beneficiary and lacked standing under ERISA, and therefore, the Court lacked subject matter jurisdiction. (Plaintiff's Opposition, Exhibit "B" at 25:22-25). The Court's ruling did not even mention express preemption under §514(a) of ERISA.

Furthermore, Atlantic Shore Surgical Association v. Local 464A United Food and Commercial Workers Union Welfare Fund only dealt with federal subject matter jurisdiction and standing under §502(a) of ERIA -- again this ruling was completely silent with respect to express preemption under §514(a). 2018 U.S. Dist. LEXIS 126175 (D.N.J. July 27, 2018). The Court did explain in a footnote that "not all claims subject to ERISA preemption are subject to removal, as removal and preemption are two distinct concepts." Id. at * 11 n. 1 (internal citations omitted). This concept is apparently lost on Plaintiff. In Advanced Orthopedics and Sports Medicine Inst. v. Blue Cross Blue Shield of New

---

[2] Plaintiff attempts to rely upon a state court case from New Jersey, which predates the recent holdings cited by Aetna above. The analysis in this case is misplaced, and is contrary to the holdings of Glastein, Atlantic Shore Surgical Associates, and Advances Orthopedics & Sports Medicine Institute. Therefore, this case provides no support for Plaintiff's position.

4681379-1

Jersey, the Court again only analyzed §502(a) of ERISA in the context of subject matter jurisdiction giving rise to removal. 2018 U.S. Dist. LEXIS 127781 (D.N.J. July 31, 2018). As the applicable plan contained an anti-assignment provision, the Court found that plaintiff did not have standing to bring an ERISA claim under §502(a) and therefore the Court lacked subject matter jurisdiction. Id. at 12. The Court specifically declined to address any analysis of preemption under §514(a) of ERISA as moot.

None of the cases cited by Plaintiff lend any support for its position that the claims at issue are not expressly preempted by §514(a) of ERISA. As Plaintiff only relies on cases related to removal jurisdiction under §502(a) of ERISA, the analysis in Plaintiff's Opposition is completely inapposite and irrelevant to the arguments made in the Motion to Dismiss. The cases cited by Aetna are on the proverbial "four squares" with this matter and therefore the Complaint must be dismissed with prejudice.

C. The Court Should Not Grant Plaintiff Leave to Amend

Plaintiff argues that if the Court finds its claims preempted by ERISA, that it should be given leave to file an amended complaint, arguing that "it would be a waste of judicial resources to not allow Plaintiff to amend his complaint to include ERISA claims and instead force Plaintiff to re-file a new action and repeat the steps that have already occurred." (Opp. Br. at pp. 7). However, this ignores the fact that in both Atlantic Shore Surgical Associates and Glastein this Court dismissed identical claims with prejudice. The Complaint is emphatic that the claims at issue do not arise under ERISA. (Compl., ¶¶ 7, 8). Therefore, this Court should deny leave to amend to assert ERISA claims and dismiss the Complaint with prejudice.

### III. CONCLUSION

For the foregoing reasons, Aetna requests that this Court dismiss the Complaint filed by Plaintiff with prejudice.

Respectfully submitted,

**CONNELL FOLEY, LLP**

*/s/Matthew A. Baker*

Matthew A. Baker

MAB/
cc:   Aaron Mitchell, Esq. (via ECF)

4681379-1