**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARY GLASTEIN, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>AETNA, INC., AETNA INSURANCE COMPANY, JOHN AND JANE DOES 1–10, and ABC CORPORATIONS 1–10,<br><br>Defendants. | Civ. No. 18-9262<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Aetna Life Insurance Company ("Defendant").[1] Plaintiff Cary Glastein opposes, and in the alternative seeks leave to amend. (ECF No. 12.) The Court has decided the Motion on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, Defendant's Motion is denied.

## **BACKGROUND**

This case arises from a dispute between a surgeon and an insurance company. Plaintiff is an orthopedic surgeon specializing in spine surgery. (Compl. ¶ 15.) On October 27, 2016, Plaintiff provided medically necessary surgery to a patient, "SS." (*Id.* ¶¶ 4, 14–16.) SS received

---

[1] The Complaint's caption includes two ascertainable Defendants: Aetna, Inc. and Aetna Insurance Company. (ECF No. 1-1.) However, the text of the Complaint itself refers to a singular defendant, Aetna Insurance Company. (*Id.* ¶ 2) Defendant Aetna Life Insurance Company claims that pleading two Defendants was improper, and that there is only one ascertainable Defendant, Aetna Life Insurance Company. (Notice Remv'l at 1, ECF No. 1.) Only Aetna Life Insurance Company moves to dismiss. (ECF No. 10.)

1

medical benefits through Defendant. (*Id.* ¶ 5.) Plaintiff was a non-participating or out-of-network provider. (*Id.* ¶ 12.) However, Plaintiff had contacted Defendant prior to the surgery, and Defendant sent Plaintiff a written authorization for the surgery. (*Id.* ¶ 13.) Plaintiff billed Defendant $209,000, representing normal and reasonable charges given the complexity of the procedure and Plaintiff's qualifications. (*Id.* ¶¶ 16–17.) Defendant paid nothing. (*Id.* ¶ 18.)

Plaintiff brought claims for breach of contract, promissory estoppel, account stated, and fraudulent inducement in the Superior Court of New Jersey, Law Division, Monmouth County. (*Id.* ¶¶ 20–43; Notice Remv'l ¶ 5.) Defendant timely removed to this Court. (*See generally* Notice Remv'l.) On August 8, 2018, Defendant moved to dismiss. (ECF No. 10.) After receiving an automatic extension pursuant to Local Rule 7.1(d)(5) (ECF No. 11; Docket Entry dated 08/15/2018), Plaintiff opposed on September 4, 2018, and in the alternative sought leave to amend the Complaint (ECF No. 12). Defendant replied on September 10, 2018. (ECF No. 13.) This Motion is presently before the Court.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*,

578 F.3d 203, 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## **DISCUSSION**

Defendant alleges that it provided health insurance to SS through a plan covered by the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq*. Defendant therefore argues that Plaintiff's Complaint must be dismissed because its state common law claims are expressly preempted by ERISA.[2]

ERISA Section 514(a), 29 U.S.C. § 1144(a), preempts "any and all State laws insofar as they may now or hereafter relate to any [ERISA plan]."[3] A state law "relate[s] to" an ERISA plan, and is thus preempted, in two instances: (1) where the state law *refers to* an ERISA plan, and (2) where the state law has an *impermissible connection with* an ERISA plan. *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016). In the first category, a state law refers to an ERISA plan where adjudication of the state law claim requires an inquiry into the plan itself. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990); *Ragan v. Tri-County Excavating, Inc.*, 62 F.3d 501, 511 (3d Cir. 1995). In the second category, "to determine whether a state law

---

[2] ERISA may preempt state law in two "separate but related" ways. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 270 (3d Cir. 2001). Section 514(a) of ERISA, 29 U.S.C. § 1144(a), imposes "express" preemption. Section 502(a), 29 U.S.C. § 1132(a), imposes "complete" preemption. *Pryzbowski*, 245 F.3d at 270. The Motion to Dismiss asserts only express preemption, so the Court need not consider the law of complete preemption. Accordingly, various complete preemption cases cited by Plaintiff are inapposite. *See, e.g.*, *Advanced Orthopedics & Sports Med. Inst. v. Blue Cross Blue Shield of N.J.*, 2018 WL 3630131 (July 31, 2018); *Atl. Shore Surgical Assocs. v. Local 464A United Food & Commercial Workers Union Welfare Fund*, 2018 WL 3611074 (July 27, 2018); *E. Coast Advanced Plastic Surgery v. Amerihealth*, 2018 WL 1226104 (Mar. 9, 2018).
[3] The common law causes of action supporting the Complaint are indisputably "State law" under the statute. *See* 29 U.S.C. § 1144(c)(1).

3

has the forbidden connection, we look both to 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive,' as well as to the nature of the effect of the state law on ERISA plans." *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997) (citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656, 658–59 (1995)).

The state laws at issue here—breach of contract, promissory estoppel, account stated, and fraudulent inducement—neither "refer to" nor have an "impermissible connection with" an ERISA plan. As to whether these laws "refer to" an ERISA plan, the Complaint does not claim that Plaintiff was a contracting party to any ERISA plan. It does not allege that payment is due to him according to the terms of an ERISA plan, or even that any relevant ERISA plan provides reimbursement rates for the out-of-network services provided. To the contrary, the Complaint states that Plaintiff is entitled to recover $209,000 because that amount "represents normal and reasonable charges" under an implied-in-fact contract. (Compl. ¶¶ 17, 21.) The Complaint's factual assertions, assumed to be true for the purposes of the Motion to Dismiss, do nothing to suggest that the claims brought in this case will require examination of an ERISA plan. The state laws here therefore do not "refer to" an ERISA plan.

Second, these state laws do not have an "impermissible connection with" an ERISA plan. The central purpose of ERISA is to protect plan participants and beneficiaries. 29 U.S.C. §§ 1001, 1001b (repeatedly referring to the interests of participants and beneficiaries in the statute's findings and declarations of policy); Peter J. Wiedenbeck, Fed. Judicial Ctr., ERISA in the Courts 17 (2008) (describing ERISA as having been designed to protect consumers). As several Circuit Courts have held,[4] claims brought by a provider against an insurance company do not

---

[4] *In Home Health, Inc. v. Prudential Ins. Co. of Am.*, 101 F.3d 600, 605 (8th Cir. 1996) ("[The provider] sued only as a third-party health care provider for claims that were non-derivative and

implicate ERISA's goals of protecting participants and beneficiaries. Such claims therefore do not have an "impermissible connection with" an ERISA plan, and are not preempted.

The conclusion that Plaintiff's state common law claims are not preempted is at odds with several recent decisions in the District of New Jersey. *Atlantic Shore Surgical Associates v. Horizon Blue Cross Blue Shield*, 2018 WL 2441770 (D.N.J. May 31, 2018), *Advanced Orthopedics and Sports Medicine Institute v. Empire Blue Cross Blue Shield*, 2018 WL 2758221 (D.N.J. June 7, 2018), and *Glastein v. Horizon Blue Cross Blue Shield of America*, 2018 WL 3849904 (D.N.J. Aug. 13, 2018), are very similar to this case: Each involves an out-of-network provider obtaining prior authorization to perform a medical procedure and subsequently bringing common law claims against the insurer. In each case, the plaintiff's claims were found preempted by Section 514(a) of ERISA. But the Court today declines to adopt the ultimate conclusions reached in these three cases.

---

independent of those which [the patient] might have had against [the insurance company]."); *The Meadows v. Emp'rs Health Ins.*, 47 F.3d 1006, 1009 (9th Cir. 1995) ("Congress enacted ERISA to protect the interests of employees and their beneficiaries under employee benefit plans. A third-party provider's claim for unfair and deceptive trade practices against a plan does not infringe upon an area which Congress sought to regulate exclusively under ERISA." (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990))); *Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533–34 (11th Cir. 1994) ("Congress enacted ERISA to protect the interests of employees and beneficiaries covered by benefit plans. Preemption in a third-party health care provider case would defeat rather than promote this goal." (citation omitted)); *Hospice of Metro Denver, Inc. v. Grp. Health Ins., Inc.*, 944 F.2d 752, 756 (10th Cir. 1991) ("[A] state law claim which does not affect the 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries, and the beneficiaries' as such, is not preempted by ERISA." (quoting *Mem'l Hosp. Sys.*, 904 F.2d at 249)); *Mem'l Hosp. Sys.*, 904 F.2d at 247 ("We are also unpersuaded that preemption in [a case brought by a provider] would further the congressional goal of protecting the interests of employees and their beneficiaries in employee benefit plans."). One Circuit Court decision finding the opposite, *Cromwell v. Equicor-Equitable HCA Corp.*, 933 F.2d 1272 (6th Cir. 1991), is distinguishable because in that case the beneficiary assigned her benefits to the provider. *Id.* at 1278. *Cromwell* has also been described as "somewhat of an exception to the trend." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 600 (7th Cir. 2008) (citing *In Home Health*, 101 F.3d at 604).

First, in *Glastein v. Horizon*, the provider sued the patient's employer as well as the insurance company, and based his claim on an authorization for surgery that was explicitly not a guarantee of payment. 2018 WL 3849904, at *2–3. These facts suggested that the claim for payment was based off the patient's ERISA plan rather than the authorization obtained by the provider to perform surgery. *Id.* Such facts are not present in this case.

Additionally, all three of the above-cited decisions concluded that the provider's claims could not be adjudicated without referencing an ERISA plan. *Id.* at *3; *Atl. Shore*, 2018 WL 2441770, at *5; *Advanced Orthopedics*, 2018 WL 2758221, at *5–6. But here, as discussed above, the Complaint provides no reason why the Court would need to reference an ERISA plan to adjudicate Plaintiff's claims.

Finally, these opinions partially rely on cases applying Section 502(a) of ERISA. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004); *N. Jersey Brain & Spine Ctr. v. Conn. Gen. Life Ins. Co.*, 2011 WL 4737063 (D.N.J. Oct. 6, 2011). They also rely in part on cases brought by ERISA plan beneficiaries. *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285 (3d Cir. 2014); *Ford v. UNUM Life Ins. Co. of Am.*, 351 F. App'x 703 (3d Cir. 2009); *Early v. U.S. Life Ins. Co. in N.Y.*, 222 F. App'x 149 (3d Cir. 2007); *Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir. 2001); *Estate of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461 (D.N.J. 2015); *D'Alessandro v. Hartford Life & Accident Ins. Co.*, 2009 WL 1228452 (D.N.J. May 1, 2009); *Majka v. Prudential Ins. Co. of Am.*, 171 F. Supp. 2d 410 (D.N.J. 2001); *Thomas v. Aetna, Inc.*, 1999 WL 1425366 (D.N.J. June 8, 1999). But since this Motion seeks claims preemption only under Section 514(a) and is brought by a provider who is not a party to an ERISA plan, the Court finds that these cases have little relevance to the present Motion. For these reasons, the Court disagrees with the holdings of *Atlantic Shore Surgical Associates*,

6

*Advanced Orthopedics*, and *Glastein v. Horizon*.

Accordingly, Section 514(a) of ERISA does not preempt Plaintiff's state law claims.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate order will follow.

Date:   9/24/18   　　　　　　　　　　　　　　 */s/ Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.